8/17/2021 5:33 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56401981
By: Adiliani Solis
Filed: 8/17/2021 2:33 PM

CAUSE NO. _____ - _____

| | | |
|---|---|---|
| SAMANTHA REYES IND. AND A/N/F OF MINOR A.R.<br>*Plaintiffs*, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| MASRI TRANSPORT, LLC<br>*Defendant.* | § § § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, SAMANTHA REYES, individually and a/n/f of AKIRA ROJO (minor), ("PLAINTIFFS"), complaining of MASRI TRANSPORT, LLC ("DEFENDANT"), and files this Plaintiffs' Original Petition and for cause of action would show this Honorable Court the following:

### I. DISCOVERY LEVEL

PLAINTIFFS request that discovery in this case be governed at the level 3 category pursuant to Texas Rule of Civil Procedure 190.4 (Discovery Control Plan-Level 3).

### II. PARTIES

PLAINTIFFS are individuals who resided in Texas at the time the cause of action accrued.

DEFENDANT, MASRI TRANSPORT, LLC, ("MASRI"), a Limited Liability Company authorized to and doing business in the State of Texas, may be served with process by serving its Registered Agent, AHMED MAHMOUD, at its Registered Office at 500 XIMENO AVENUE, LONG BEACH, CALIFORNIA 90814, or wherever it may be found. **Service of process on Defendant MASRI is hereby requested at this time.**

**EXHIBIT A**

### III. VENUE & JURISDICTION

Pursuant to Section 15.002 of the Texas Civil Practice & Remedies Code, venue is proper in Harris County, Texas, because a substantial part of the events or omissions giving rise to the claim occurred in Harris County. The amount in controversy is within the jurisdictional limits of this Court.

### IV. FACTUAL BACKGROUND

It has become necessary to bring this cause of action because of injuries and damages sustained by PLAINTIFFS on or about September 22, 2020, as the result of a vehicular collision that occurred at or around the 1500 block of the Eastex Freeway in Harris County, Texas. Suddenly and without warning, DEFENDANT MASRI's driver failed to drive DEFENDANT's tractor trailer in a single lane, striking PLAINTIFFS' vehicle, which SAMANTHA REYES was driving and in which AKIRA ROJO was riding as a negligence-free passenger. As a result of DEFENDANTS' negligent conduct, PLAINTIFFS suffered severe injuries and damages.

### V. NEGLIGENCE / RESPONDEAT SUPERIOR

DEFENDANTS are liable for their negligence in failing to act as a reasonable and prudent person would have acted under the same or similar circumstances. DEFENDANTS' negligence directly and proximately caused PLAINTIFFS' injuries and damages. DEFENDANT MASRI's driver owed PLAINTIFFS a duty to exercise ordinary care and to operate DEFENDANT MASRI's vehicle in a reasonable and prudent manner. Specifically, DEFENDANT MASRI's driver breached this duty in one or more of the following ways:

(a)   Failing to control the speed of DEFENDANT MASRI's vehicle;

(b)   Failing to maintain a proper lookout;

(c) Failing to turn DEFENDANT MASRI's vehicle in an effort to avoid a collision; and

(d) Failing to pay attention as would a person of ordinary prudence.

Pleading further, PLAINTIFFS would show that DEFENDANT MASRI is liable to PLAINTIFFS under the doctrine of *respondeat superior* in that DEFENDANT MASRI's driver was acting within the course and scope of his employment and/or agency with DEFENDANT MASRI at the time of the incident made the basis of this lawsuit.

Each of DEFENDANTS' foregoing negligent acts and/or omissions, whether taken singularly or in any combination, caused PLAINTIFFS' severe injuries and damages.

## VI. JURY DEMAND

PLAINTIFFS hereby demand a trial by jury.

## VII. INJURIES AND DAMAGES

As a direct and proximate result of DEFENDANTS' above-described acts and/or omissions of negligence, PLAINTIFFS suffered actual damages within the jurisdictional limits of this Court.

Specifically, PLAINTIFFS' damages are as follows:

(a) Physical pain and mental anguish in the past and future;

(b) Reasonable and necessary cost of medical care and treatment in the past and future;

(c) Physical impairment and disfigurement in the past and future;

(d) Lost wages in the past;

(e) Lost earning capacity in the future;

(f) Pre-judgment and post-judgment interest;

(g) All other special items of damage necessarily incurred as a result of DEFENDANTS' negligence; and

(h)     Monetary relief greater than $1,000,000.00.

## VIII. RULE 193.7 NOTICE

Pursuant to Texas Rule of Civil Procedure 193.7, PLAINTIFFS hereby give actual notice to DEFENDANTS that any and all documents produced may be used against DEFENDANTS at any pre-trial proceeding, and/or at trial of this matter, without the necessity of authenticating the documents.

## IX. MISNOMER/MISIDENTIFICATION

In the event any party or parties are misnamed, or are not included herein, it is PLAINTIFFS' contention that such was a "misidentification" or a "misnomer" of parties named herein.

## X. PRAYER

For these reasons, PLAINTIFFS pray this court cite DEFENDANTS to appear and answer herein and that PLAINTIFFS have judgment taken against DEFENDANTS, jointly and severally, and recover all damages allowed by law, pre-judgment and post-judgment interest as allowed by law, costs of court and all other relief, both general and special, at law or in equity, which this Honorable Court deems appropriate.

Respectfully submitted,

SMITH & HASSLER

/s/ Brent M. Cordell
Texas Bar No. 24005953
/s/ Antone L. Peterson
Texas Bar No. 24113439
1225 North Loop West, Suite 525
Houston, Texas 77008
For E-service Only:
cordell@smithandhassler.com
Tele: (713) 739-1250

Fax: (713) 864-7226

**ATTORNEYS FOR PLAINTIFFS
SAMANTHA REYES AND AKIRA ROJO**