IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMANTHA REYES IND. AND A/N/F OF MINOR A.R. | § § § | |
| VS. | § § § | Civil Action No.: 4:22-cv-771 |
| MASRI TRANSPORT, LLC | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant, Masri Transport, LLC ("Defendant"), files this Original Answer as follows:

### INITIAL DEFENSES

1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant says that Plaintiff's lawsuit (hereinafter "Complaint") fails to state a claim against Defendant upon which relief can be granted and should be dismissed.

### GENERAL DENIAL

2. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial to those allegations contained in Plaintiff's Complaint that are not clearly and specifically admitted herein.

3. Section I (unnumbered paragraphs) of Plaintiff's Complaint concerns a discovery control plan pursuant to the Texas Rules of Civil Procedure which is no longer applicable.

4. The first paragraph of Section II is not directed to Defendant and therefore does not require a response. To the extent a response is deemed necessary, Defendant denies the allegations as to Plaintiff's residence because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegation.

5. With respect to the allegations contained in the next paragraph in Section II of

Plaintiff's Complaint, Defendant respond that it is a limited liability company existing under the laws of the State of California with its principal place of business in the State of California.

6. With respect to the allegations contained in Section III of Plaintiff's Complaint, Defendant avers that Federal jurisdiction over this case is proper pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, in that this is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the properly joined parties. Further, with respect to the allegations regarding venue, Defendant avers that venue is proper in the Houston Division of the District Court for the Southern District of the United States.

7. Defendant denies the allegations contained in Sections IV and V of Plaintiff's Complaint.

8. Section VII of Plaintiff's Complaint contain statements concerning Plaintiff's alleged damages, including a statement of relief pursuant to Rule 47(c) of the Texas Rules of Civil Procedure to which no response is required. To the extent a response is deemed necessary, Defendant responds that Plaintiff is not entitled to any monetary relief.

9. Section VIII of Plaintiff's Complaint contains a notice by Plaintiff pursuant to Tex. R. Civ. P. 193.7 and is no longer applicable to this case. To the extent a response is required, Defendant objects to Plaintiff's notice and requests that Plaintiff be required to specifically identify any documents which she contends should be subject to "self-authentication." Defendant objects to any documents that Plaintiff may attempt to introduce into evidence in the trial of this matter that is not proven up by expert testimony and/or business records affidavits and/or custodian of records for the same.

10. Section IX of Plaintiff's Complaint contains a statement concerning

misnomer/misidentification, to which no response is required. Defendant asserts that it has been properly named, but cannot aver for the accuracy of the names of any other parties.

11. Section X of Plaintiff's Complaint contains Plaintiff's Prayer and, to the extent a response is required, Defendant denies that Plaintiff is entitled to any recovery from Defendant.

## ADDITIONAL DEFENSES

Defendant further asserts the following additional and affirmative defenses:

12. Pleading further and in the alternative, Defendant would show that the occurrence in question as well as the damages complained of were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of Plaintiff.

13. Pleading further and in the alternative, Defendant would show that in the event it is found liable to Plaintiff, any such liability being expressly denied, then, in that event, Defendant would show that it is entitled to a reduction for the negligence, liability, fault, or other conduct which is attributable to any other party in accordance with the Doctrine of Comparative Fault or Causation as enunciated by the Supreme Court of the State of Texas.

14. Pleading further and in the alternative, Defendant says that it is entitled to a credit or offset for all monies or consideration paid to Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and any defendant herein or any other person or entity not a party to this litigation. Further, Defendant would assert the affirmative defenses of accord and satisfaction, release, payment, credit, offset, res judicata, collateral estoppel, excessive demand, waiver, and laches.

15. Pleading further and in the alternative, Defendant would show that in the event that it is found liable to Plaintiff, any such liability being expressly denied, then, in that event, Defendant says that it is entitled to contribution, credit, and/or indemnity, as provided by the

laws and statutes of the State of Texas including, but not limited to, the provisions of Chapter 32 and Chapter 33 of the Texas Civil Practice and Remedies Code, as well as other applicable laws and statutes.

16. Pleading further, Defendant says that the injuries and/or damages allegedly sustained by Plaintiff were caused, in whole or in part, by prior or subsequent medical problems, injuries, medical conditions, or accidents involving or pertaining to her.

17. Pleading further and in the alternative, Defendant would show that at all times material, Plaintiff failed to mitigate her own injuries and damages as would have been done by a reasonable and prudent person, and her failure to mitigate her injuries and damages has proximately caused, or at least contributed to her claimed injuries and damages, including but not limited to Plaintiff's medical bills which are inflated and unreasonable because, to the extent Plaintiff had available health insurance, Plaintiff failed to use that insurance for the "treatment" allegedly made necessary by the accident on which this case is based.

18. Pleading further and in the alternative, Defendant asserts that its registered agent was not properly served with a copy of Plaintiff's Original Petition and a citation in accordance with Texas Rule of Civil Procedure 106(a)(1).

19. To the extent that the medical expenses, if any, claimed by Plaintiff exceeds the amount actually paid or incurred by or on behalf of her, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code.

## JURY DEMAND

20. Defendant respectfully demand a trial by jury on all contested issues of fact.

## PRAYER

Defendant, Masri Transport, LLC prays that Plaintiff take nothing by way of this lawsuit,

that Plaintiff's Complaint be dismissed with prejudice, and that Defendant be awarded its costs and all other and further relief, at law or in equity, to which Defendant may show itself justly entitled to receive.

          Respectfully submitted,

          */s/Andrew S. Krone*
          Les Pickett
            State Bar No. 15980520
            Federal I.D. No. 14306
            lpickett@gallowaylawfirm.com
          Andrew S. Krone
            State Bar No. 24086872
            Federal I.D. No. 2590236
            akrone@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT,
MASRI TRANSPORT, LLC**

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via Electronic Court Filing on this 10th day of March 2022.

          */s/ Andrew S. Krone*
          Les Pickett
          Andrew S. Krone